# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings<br>Under Chapter 7 |
| ZACKERY LARAMORE<br>LORI LARAMORE | |
| | Case No. 22-30012 |
| Debtor(s). | |

## OPINION

This case presents the issue of whether a debtor who was not a party to her spouse's personal injury suit, may nonetheless claim a personal injury exemption in the settlement proceeds based on loss of consortium.

## FACTS

On January 11, 2022, Debtors Zackery and Lori Laramore (collectively "Debtors") filed a joint petition under Chapter 7. Debtors' Schedule A/B and Statement of Financial Affairs disclosed among the Debtors' assets a pending personal injury suit in which Mr. Larmore seeks damages for hearing loss caused by faulty earplugs. On their Schedule C, both Debtors claimed a $15,000.00 personal injury exemption in the proceeds of this suit pursuant to 735 ILCS 5/12-1001(h)(4): Mr. Laramore for his alleged hearing loss and Mrs. Laramore for loss of consortium relating to her husband's injury. *See Debtors' Schedule C*, ECF Doc. 1, p. 18, ¶ 1-2. The Chapter 7 Trustee, Donald Samson, objects to Mrs. Laramore's exemption on the grounds that a loss of consortium claim is not a claim for "personal bodily injury" as required by the statute. Alternatively, the Trustee argues that Mrs. Laramore is not entitled to claim an exemption in the proceeds of Mr. Laramore's personal injury action because she does not have an ownership

interest in said asset. *See Memorandum in Support of Trustee's Objection to Exemption*, ECF. Doc. 25, pp. 2-3, ¶ 4.

## DISCUSSION

Because Illinois has "opted out" of the federal exemption scheme described in 11 U.S.C. § 522(b)(1), the Debtors rely on the Illinois exemption for personal bodily injury. Section 12-1001(h)(4) of the Illinois Code of Civil Procedure provides:

> § 12-1001 Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment or distress from rent:
>
> (h) The debtor's right to receive or property that is traceable to:
>
> * * *
>
> (4) a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent…

735 ILCS 5/12-1001(h)(4). Although it is unclear, Debtors appear to make two alternative arguments in support of their position: (1) that Mrs. Laramore's loss of consortium claim constitutes a "personal bodily injury" for purposes of 735 ILCS 5/12-1001(h)(4) because it derives from her injured spouse's claim; and/or (2) that because Mrs. Larimore is a dependent of Mr. Laramore, she is entitled to claim an exemption in any settlement proceeds received on account of his personal bodily injury. *See Memorandum of Law in Support of Debtors' Loss of Consortium Clam and Exemption Thereof*, ECF Doc. 23 at pp. 2-3. The Court need not address either of these arguments, however, because the Debtors have failed to demonstrate that Mrs. Laramore has an ownership interest in the proceeds of her husband's personal injury suit.

This very issue was addressed by this Court in *In re Hamilton*, 2010 WL 390240 (Bankr. S.D. Ill., September 29, 2010). In that case, debtors Jimmy and Shyrl Hamilton filed a joint Chapter 7 case. Among the assets listed on the parties' Schedule B was a $40,000.00 annuity

that had been awarded to Mr. Hamilton as a result of a pre-petition bodily injury. The parties each claimed an exemption in the annuity pursuant to 735 ILCS 5/12-1001(h)(4) as well as an exemption under 735 ILCS 5/12-1001(b) (the Illinois "wild card" exemption). The Trustee objected, arguing that because Mrs. Hamilton lacked an ownership interest in the annuity, she was not entitled to claim it as exempt property.

In sustaining the Trustee's objection, the Court first noted that the express language of § 5/12-1001 requires that the Debtor be an *owner* of the property. It stated:

> Based om the prefatory language in § 5/12-1001, that personal property must be 'owned by the debtor' to be exempt, the Court finds that the Illinois legislature expressly created a threshold requirement that a debtor must own an item of personal property in order to claim it as exempt......... Under the plain meaning of § 5/12-1001(h)(4), the non-injured debtor must have both a dependent relationship with the injured party *and* an ownership interest in the [property] that arises from his or her own claim against the tortfeasor.

*Hamilton*, at *2 (emphasis added) (internal citations omitted).

The Court went on to say that "property that is wholly owned by one joint debtor is neither included in the bankruptcy estate of the non-owner debtor nor subject to exemption by the non-owner." *Id.* at *3. It explained that

> [t]he filing of a petition in bankruptcy brings assets into the bankruptcy estate pursuant to 11 U.S.C. § 541(a) of the Bankruptcy Code. Thereafter, notwithstanding their initial inclusion in the estate, a debtor may attempt to reclaim those assets or the value of his or her interest in those assets by using the exemptions allowed under applicable law to shield the assets from creditors. When a joint bankruptcy petition is filed by a husband and wife, in the absence of consolidation under § 302(b), the two bankruptcy estates remain separate, with each debtor required to separately schedule his or her individual and joint assets, debts and exemptions, with claims against each debtor having to be separately filed, and with the separate property of one debtor protected from the claims of the other debtor's creditors.

*Id.* Because the Hamilton's bankruptcy estates had not been consolidated, property that was wholly owned by the debtor husband was not property of the debtor wife's bankruptcy estate.

The Court concluded that because the annuity was not an asset of the wife's estate in the first place, there was no portion of it that she could "reclaim" by exempting it and, therefore, her proposed exemptions were denied. *Id.*

A similar conclusion was reached by the court in *In re Henderson*, 2015 WL 430221 (Bankr. C.D. Ill., January 30, 2015). In that case, the debtor husband was injured in a motor vehicle accident and received a settlement for his personal injury claim. He subsequently filed a joint Chapter 7 case with his wife. The parties each claimed an exemption in the settlement on their Schedule C pursuant to 735 ILCS 5/12-1001(h)(4). The Trustee objected, arguing that only the husband was entitled to claim an exemption in the settlement proceeds. Although the debtors conceded that the wife had made no claim for loss of consortium in the personal injury litigation and that no part of the settlement represented payment for injury to her, they still maintained that the wife was entitled to claim an exemption in the settlement proceeds because she was her husband's dependent. *Id.* at *1.

The *Henderson* court, relying on this Court's ruling in *Hamilton,* held that the wife could not claim an exemption in the settlement proceeds because she had no "direct claim of ownership or entitlement to" the funds. *Henderson,* 2015 WL 430221 at *2. It explained that although the debtors had filed a joint petition, their bankruptcy estates remained separate and that the joint petition did not create an ownership interest in a debtor which did not exist pre-petition. *Id.* at *2-*3 *citing Hamilton,* 2010 WL 3909240 at *3; *Unsecured Creditors Committee v. Leavitt Structural Tubing Co.*, 55 B.R. 710, 711-12 (N.D. Ill. 1985) (joint administration is merely a matter of convenience and a cost savings; it does not create substantive rights).

Applying *Hamilton* and *Henderson* to the case at bar, there is no indication that Mrs. Laramore has an ownership interest in the subject lawsuit or in any attendant recovery. The

Debtors' Statement of Financial Affairs, ¶ 9 lists a lawsuit titled *Zachary* [sic] *Laramore vs. 3M* and describes the action as a "lawsuit against the manufacturer of earplugs used in military settings which resulted in hearing loss of the debtor." *Debtors' Statement of Financial Affairs for Individuals Filing for Bankruptcy*, ECF Doc. 1 at p. 42. Similarly, Debtors' Schedule A/B, Line 34.2 lists among their assets "wife's loss of consortium claim as it relates to loss of services of her *husbands* [sic] *lawsuit* against 3M." *Debtors' Schedule A/B*, ECF. Doc. 1, p. 14, ¶ 34.2 (emphasis added). An identical description of the lawsuit is provided on the Debtors' Schedule C. *See Debtors' Schedule C*, ECF Doc. 1, p. 18, ¶ 2. Even the Debtors' memorandum of law in this dispute characterizes the exemption in question as a "loss of consortium claim relating to *husband Zack Laramore's lawsuit* against 3M." *Memorandum of Law in Support of Debtors' Loss of Consortium Claim and Exemption Thereof*, ECF Doc. 23, p. 1, ¶ 1 (emphasis added).

Further, a review of the record indicates that this jointly filed case has not been consolidated. Therefore, based on the representations in Debtors' pleadings, the Court finds that the settlement proceeds in question are wholly owned by the estate of Debtor Zackery Laramore and are not property of Lori Laramore's bankruptcy estate. As such, she is not entitled to an exemption in said proceeds and, accordingly, the Trustee's Objection to Exemptions is SUSTAINED.

A separate Order shall enter.

ENTERED: July 21, 2022

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE